UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| GULFSTREAM VENTURES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. |
| The Wrecked and Abandoned Vessel, S/S MERIDA, her tackle, engines, cargo, etc., *in rem*, | ) CV413-032 |
| Defendant. | ) |

## VERIFIED COMPLAINT IN ADMIRALTY IN REM

Plaintiff, Gulfstream Ventures, LLC ("Gulfstream"), by its undersigned counsel, hereby asserts the following Complaint *in rem* against the Defendant Wrecked and Abandoned Vessel, S/S MERIDA, her tackle, engines, cargo, etc. (hereinafter, "Defendant Shipwrecked Vessel") located within a three mile radius of center coordinates: 37 degrees 28.592 minutes North Latitude and 79 degrees 40.714 minutes West Longitude, (hereinafter referred to as the Salvage Area).

### THE PARTIES

1. Gulfstream is a Tennessee Limited Liability Company with its principal place of business at 6099 Shady Grove Road, Memphis, Tennessee 38120. Gulfstream is engaged in the business of deep ocean exploration and the recovery of shipwrecks.

2. The Defendant Shipwrecked Vessel is believed to be a passenger ship lying at a depth of approximately 210 feet in international waters, 60 miles off of the coast of Virginia. Upon information and belief, no extant entity or person presently claims any

ownership interest in the Defendant Shipwrecked Vessel. Evidence at the site indicates that efforts, if any, by any previous party to salvage the shipwreck and/or its cargo have been long since abandoned. The value of the Defendant Shipwrecked Vessel cannot be estimated at this time.

## JURISDICTION AND VENUE

3. This is a case of admiralty and maritime jurisdiction stating a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rules C and D, as hereinafter more fully appears. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1333.

4. Venue is proper in the Southern District of Georgia, Savannah Division, pursuant to 28 U.S.C. § 1391. Artifacts recovered from the Defendant Shipwrecked Vessel are in this District and will be brought within the District during and after appropriate conservation and preservation efforts during the pendency of this action.

## FACTS

5. During the months of June, July, August and September, 2012, Gulfstream discovered the Defendant Shipwrecked Vessel using sophisticated sonar and photographic equipment. On this date, Gulfstream used a surface-controlled remotely operated vehicle ("ROV") to survey the wreck site and to take photographic images.

6. The Defendant Shipwrecked Vessel rests on the sea floor at a depth of approximately 210 feet in an area of the Atlantic Ocean that is not within the territorial sea of any sovereign nation. This area is referred to herein as the Salvage Area and is defined as the area within a three mile radius of the centerpoint coordinates which are 37 degrees 28.592 minutes North Latitude and 79 degrees 40.714 minutes West Longitude. Upon

information and belief, no other salvor is currently working in these waters. While it is believed that one or two other salvors may have conducted operations in the past relative to the Defendant Shipwrecked Vessel, to Gulfstream's knowledge and belief, no operations other than those by Gulfstream have been conducted in the past year, and no salvor has sought to protect an interest in the vessel through an arrest.

7. The wreck site consists of vessel remains, ship furnishings and fixtures including numerous objects and cargo of various metals. Gulfstream's research has led it to believe that more valuable cargo may be located aboard the ship.

8. Based on a preliminary assessment of videotape and photographs taken of the wreck site by nautical archaeologists, the Defendant Shipwrecked Vessel is believed to be a United States passenger ship owned by New York and Cuba Mail Steamship Company which sank in 1911 on a voyage from Havana, Cuba to New York..

9. Using appropriate archaeological protocols, Gulfstream has voluntarily and successfully obtained videotape and photographic images of the Defendant Shipwrecked Vessel. Gulfstream is currently developing an excavation plan and conservation process to ensure that its recovery operations are consistent with the rigorous archaeological protocols, and the recovery operations will proceed consistent with these protocols.

10. Upon the filing of this action, Gulfstream intends to turn over to the United States Marshal for the Southern District of Georgia for arrest *in rem* a fork recovered from the Defendant Shipwrecked Vessel bearing the Civil War manufacturer's identification mark by Reed & Barton as shown on the manufacturer's bill of sale and it bears the mark of New York and Cuba Mail Steamship Company. Gulfstream's survey and recovery operation has

been, and will continue to be, conducted in accordance with all appropriate archaeological protocols and under the direction of an experienced nautical archaeologist.

11. In addition to the fork, Gulfstream has documented several objects it has found on the Defendant Shipwrecked Vessel. Any further artifacts recovered from the Defendant Shipwrecked Vessel will be recovered under the jurisdiction of this Court, and will be within the actual and/or constructive possession of this Court or its duly-appointed Substitute Custodian during the pendency of this action.

12. This Court has jurisdiction over the Plaintiff. In addition, this Court has, or will have during the pendency of this action, jurisdiction over any potential claimant or competing salvor by virtue of their contacts to this forum; the nature of the Plaintiff's admiralty action; the relationship of the potential claimant and/or salvor to the Plaintiff, the forum and the cause of action; and/or under the principles of jurisdiction by necessity.

13. This Court's exercise of jurisdiction over competing claimants and/or salvors is necessary to prevent irreparable injury to, or destruction of the Defendant Shipwrecked Vessel; to allow the Plaintiff to continue to pursue its ongoing survey and recovery operations without interference; to bring the recovered artifacts within this District; and to prevent destruction of this Court's actual and potential jurisdiction.

14. Gulfstream, its agents and associates, have invested substantial time, money and effort in locating, surveying, photographing and researching the history of the Defendant Shipwrecked Vessel; and in planning the physical recovery of artifacts from the Defendant Shipwrecked Vessel.

15. Gulfstream, its agents and associates, are actively, voluntarily and successfully engaged in the process of reducing certain artifacts from the Defendant

958199.1
008564-00000l

- 4 -

Shipwrecked Vessel to the Plaintiff's exclusive custody, possession, dominion and control, as circumstances permit, and Gulfstream has the present ability and intention to continue to do so during the pendency of this action.

## COUNT I

### POSSESSORY AND OWNERSIHP CLAIM
### PURSUANT TO THE LAW OF FINDS

16. Plaintiff incorporates herein by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 15.

17. This action arises under Supplemental Admiralty Rule D and general maritime law.

18. The Plaintiff is, by virtue of its exclusive possession, dominion and control of the Defendant Shipwrecked Vessel, in possession of the Defendant Shipwrecked Vessel, and has taken such actions as are necessary to constitute continued possession, dominion and control of the abandoned shipwreck.

19. As there is no extant owner of the Defendant Shipwrecked Vessel or her artifacts, Gulfstream is entitled to an adjudication of title and ownership in the Defendant Shipwrecked Vessel, and her artifacts, and the right to recover Defendant Shipwrecked Vessel and her artifacts without the interference of any other salvor, claimant, agency, department or instrumentality of any government, domestic or foreign.

## COUNT II

### SALVAGE AWARD CLAIM
### PURSUANT TO THE LAW OF SALVAGE

20. Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 19.

21. This action arises under Supplemental Admiralty Rule C and the general maritime law, as salvage services constitute a preferred maritime lien.

22. The Defendant Shipwrecked Vessel and her artifacts are subject to maritime peril and are in an utterly helpless condition from which she could not be rescued without the voluntary and successful services of Gulfstream, its agents and associates.

23. Plaintiff is under no legal obligation or official duty to render salvage services to the Defendant Shipwrecked Vessel.

24. Plaintiff's voluntary services have been and will continue to be successful in rescuing and/or helping to rescue artifacts from the Defendant Shipwrecked Vessel in order to return the recovered portions thereof to the stream of commerce from which they were lost.

25. Plaintiff, by virtue of such services so performed, the private risk capital expended and the time spent and danger incurred in finding and recovering artifacts from the Defendant Shipwrecked Vessel, is entitled to a liberal salvage award for such services.

## COUNT III

### DECLARATORY JUDGMENT

26. Plaintiff incorporates by reference, as though fully set forth herein, the allegations set forth above in paragraphs 1 through 25.

27. This is an action for a Declaratory Judgment pursuant to 28 U.S.C. § 2201(a).

28. Defendant Shipwrecked Vessel is located on the submerged lands referred to herein as the Salvage Area. This is an area located approximately 60 miles from the coast of Virginia in international waters.

29. No government has the authority to interfere with Gulfstream's exploration and/or recovery of the Defendant Shipwrecked Vessel, or to grant, condition or deny the right of Gulfstream, to do so within the international waters of the Atlantic Ocean; and the abandoned Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds, and/or the maritime law of salvage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

(a) that a Declaratory Judgment issue that the Abandoned Shipwrecked Vessel is subject to the admiralty laws of abandonment and the law of finds, or the maritime law of salvage;

(b) that a Declaratory Judgment issue that no government has the jurisdiction or authority to interfere with exploration for and/or recovery of the Abandoned Shipwrecked Vessel, or to grant, condition or deny the right of Gulfstream to do so within the international waters of the Atlantic Ocean;

(c) that Gulfstream be adjudged the true, sole and exclusive owner of the Abandoned Shipwrecked Vessel, and any items recovered therefrom;

(d) in the alternative, should any claimant other than Gulfstream be adjudged the owner of the Abandoned Shipwrecked Vessel, or any items recovered therefrom, that Gulfstream be awarded a liberal salvage award in artifacts or specie, with the amount and/or composition of such award as may be determined by this Court pursuant to the law of salvage;

(e) that Gulfstream be adjudged as having the sole and exclusive right to conduct recovery operations on the Abandoned Shipwrecked Vessel, within the Salvage Area to

preserve and transact any artifacts recovered from the Abandoned Shipwrecked Vessel without the interference by other third parties; and

(f) that process *in rem* and a Warrant of Arrest may issue in due form of law, in accordance with the practice of this Honorable Court in causes of admiralty and maritime jurisdiction against the aforesaid Defendant Abandoned Shipwrecked Vessel, and/or artifacts recovered from the Defendant Shipwrecked Vessel, with notice to be posted on the shipwreck to all persons claiming an interest in Gulfstream's ongoing recovery operations to appear and answer this Complaint and to show cause as to why the artifacts recovered from the Defendant Abandoned Shipwrecked Vessel by Gulfstream and its associates should not be:

(i) delivered to Gulfstream as the sole and exclusive owner of said artifacts; or

(ii) alternatively, sold or appropriately transferred in satisfaction of any judgment in favor of Gulfstream for a salvage award; and

(g) that Gulfstream may have such other and further relief as the justice of this cause may require.

This 7th day of February, 2013.

                                        ELLIS, PAINTER, RATTERRED & ADAMS, LLP

                                        By: *(signature)*
                                                Robert S. Glenn, Jr.
                                                Georgia Bar No. 297306
                                                Email: bglenn@epra-law.com
                                                Attorneys for Plaintiff
                                                Gulfstream Ventures, LLC

Post Office Box 9946
Savannah, GA  31412
(912) 233-9700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| GULFSTREAM VENTURES, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. |
| The Wrecked and Abandoned Vessel, ) | |
| S/S MERIDA, her tackle, engines, cargo, ) | |
| etc., *in rem*, ) | |
| ) | |
| Defendant. ) | |

## **VERIFICATION**

John Timothy Hudson, the undersigned, states that I am a member of Gulfstream Ventures, LLC, Plaintiff in the within action; I have read the foregoing Verified Complaint and know the contents thereof, the same is true to my knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2013.

                                                                                    */s/ John Timothy Hudson*
                                                                                     John Timothy Hudson